UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE L. HILL | CIVIL ACTION |
| VERSUS | NO. 21-1131 |
| PLAQUEMINES PARISH SHERIFF'S OFFICE, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] Because the Court finds that plaintiff has not established exceptional circumstances justifying relief, the Court denies the motion.

## I. BACKGROUND

Plaintiff Shane Hill, proceeding *pro se* and *in forma pauperis*, filed this federal civil action against the Plaquemines Parish Sheriff's Office and numerous deputies pursuant to 42 U.S.C. § 1983.[2] Trial was originally set to begin on March 27, 2023,[3] and no dispositive motions were filed by either party before the motions deadline passed. On March 10, 2023, defendants

---

[1] R. Doc. 35.
[2] R. Docs. 1 & 5.
[3] R. Doc. 18.

moved to continue the trial due to difficulty in the coordination of discovery matters.[4] The Court ordered plaintiff to respond to defendants' motion by March 13, 2023,[5] but he failed to do so in a timely manner.[6] Plaintiff also failed to file a proposed pretrial order by March 14, 2023, in violation of the Court's scheduling order.[7] The Court then granted defendants' motion to continue the trial, and issued an order on March 15, 2023, instructing plaintiff to appear in person on April 13, 2023, to show cause why his claims should not be dismissed for failure to prosecute.[8] The Court cautioned that plaintiff's failure to comply would result in dismissal of his complaint for failure to prosecute.[9]

Plaintiff failed to appear for the April 13 hearing. Accordingly, the Court ordered that the case be dismissed without prejudice for want of prosecution.[10] On August 8, 2023, nearly four months after the Court entered judgment against him, plaintiff filed his first motion to reopen the

---

[4] R. Doc. 24.
[5] R. Doc. 25.
[6] On March 24, 2023, plaintiff filed his response, in which he indicated that he did not receive a copy of the March 10 Order until March 16, 2023, one day after the deadline to respond. R. Doc. 28. Nevertheless, plaintiff indicated that he had no objections to defendants' motion to continue the trial. *Id.*
[7] R. Docs. 18 & 27.
[8] R. Doc. 27.
[9] *Id.*
[10] R. Docs. 29 & 30.

2

case under Rule 60(b) of the Federal Rules of Civil Procedure.[11] He argued that since his release from custody, he has not secured steady employment or a permanent residence to receive mail.[12] Plaintiff also noted that he experienced a medical episode in March that required him to be briefly hospitalized. He therefore asserted that his failure to appear for the April 13 hearing was the result of matters beyond his control.[13]

On September 19, 2023, the Court denied plaintiff's motion, finding that plaintiff's failure to timely respond to defendants' motion to continue trial, to appear for the show cause hearing, and to file a proposed pretrial order, reflected a pattern of persistent inattention to or disregard of the Court's directives.[14] The Court thus concluded that plaintiff was not entitled to relief under Rule 60(b)(1).[15] The Court further noted that because Rule 60(b)'s categories of relief are mutually exclusive, plaintiff could not alternatively pursue relief under Rule 60(b)(6).[16] The Court nevertheless

---

[11] R. Doc. 32. Plaintiff included in his motion a certificate of service, indicating that he provided notice of this filing to defendants via the U.S. Postal Service.
[12] R. Doc. 32-1.
[13] *Id.*
[14] R. Doc. 34 at 6-7.
[15] *Id.*
[16] *Id.* at 8.

found that plaintiff's reasoning for his failure to prosecute did not amount to "extraordinary circumstances" warranting relief under Rule 60(b)(6).[17]

Plaintiff now files a second motion for relief from judgment.[18] Plaintiff contends that he seeks relief only under Rule 60(b)(6), not Rule 60(b)(1).[19] Plaintiff states that because of his unemployment and lack of financial means, he was residing on an abandoned and partially submerged shrimp boat.[20] Plaintiff further states that the boat is located about twenty-five miles from his former residence in Buras, Louisiana, which is where plaintiff directed that all Court correspondence be mailed.[21] According to plaintiff, he could only travel to the Buras address by hitch hiking, which became challenging due to his medical episode in March.[22] Plaintiff thus asserts that he was prevented from accessing his mail, thereby excusing his failure to prosecute the action and warranting relief under Rule 60(b).[23] In opposition, defendants assert that the same analysis and logic applied by the Court in its

---

[17]   *Id.*
[18]   R. Doc. 35.
[19]   *Id.* at 1.
[20]   *Id.* at 1-2.
[21]   *Id.*
[22]   *Id.*
[23]   *Id.* at 2.

September 19 Order and Reasons should necessitate dismissal of plaintiff's motion.[24]

The Court considers the motion below.

## II. LEGAL STANDARD

Rule 60(b) provides six grounds for which a district court may grant relief from a final judgment or order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[24] R. Doc. 37.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the prerequisites for relief, and the district court enjoys broad discretion in assessing whether any of the grounds in Rule 60(b) is satisfied. *D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 312 (5th Cir. 2022) (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

Relief under Rule 60(b) is an extraordinary remedy, which will be granted only if the moving party demonstrates "unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985); *see also In re Edwards*, 865 F.3d 197, 205 (5th Cir. 2017) ("[T]he movant must show . . . extraordinary circumstances exist that justify the reopening of a final judgment." (citation omitted)). Courts may construe the Rule "in order to do substantial justice" and must balance "the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

## III. DISCUSSION

Plaintiff contends that his motion should be analyzed under Rule 60(b)(6).[25] The categories of relief under Rule 60(b) are "mutually exclusive from one another, meaning that an action cannot be brought through the catch-all of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (internal quotation marks omitted); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (same). Thus, before the Court can reach an argument presented under Rule 60(b)(6), it must first determine whether any of the first five categories of relief are applicable. *See Fernandez*, 797 F.3d at 319.

As the Court previously found in its September 19 Order and Reasons, the basis for plaintiff's motion falls squarely within Rule 60(b)(1)'s "mistake, inadvertence, surprise, or excusable neglect" category of relief.[26] *See* Fed. R. Civ. P. 60(b)(1). In dismissing plaintiff's motion under Rule 60(b)(1), the Court noted that copies of the Court's March 10 and March 15 Orders were mailed to plaintiff's listed address in Buras, Louisiana, and plaintiff did not contest his receipt of these documents.[27] Now, in support of his second

---

[25] R. Doc. 35.
[26] R. Doc. 34.
[27] *Id.*

7

motion for relief, plaintiff argues that he did not in fact receive the Court documents because he did not reside at the Buras address at the time, and has not resided at that address since December 2019.[28]

The Supreme Court has set forth four factors for determining when a late filing may constitute "excusable neglect" under Rule 60(b)(1). *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. These factors are: (1) "the danger of prejudice to the [opposing party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.* (citation omitted); *see also Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 283 (5th Cir. 2019) (noting that, under Fifth Circuit jurisprudence, *Pioneer* applies to "excusable neglect" inquiries under the Federal Rules of Civil Procedure).

Here, while nothing in the record demonstrates bad faith on plaintiff's behalf, the Court finds that the first three *Pioneer* factors weigh against a finding of excusable neglect. First, defendants would be prejudiced if plaintiff's motion were granted. Defendants have litigated this action for nearly two-and-a-half years now. The delay in resolving the case was caused

---

[28]    R. Doc. 35.

8

by plaintiff's failure to prosecute and follow Court orders, and there is no indication that the litigation will proceed at a normal pace if reopened. Plaintiff's delay has hindered defendants' ability to conduct necessary discovery and proceed with the litigation in a timely manner. Thus, requiring defendants to return to court at this stage would be prejudicial. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (holding that movant's delay was prejudicial to non-movant where the delay hindered the non-movant's investigation of the case and thus gave an unfair advantage to the movant).

Second, plaintiff has caused repeated and significant delay through his failure to timely respond to defendants' motion to continue trial, to appear for the show cause hearing, and to file a proposed pretrial order. Indeed, plaintiff took no action in his case for nearly five months after he failed to respond the motion to continue, and more than four months after he failed to appear for the show cause hearing and his case was dismissed. The Court has also issued multiple warnings and orders due to plaintiff's dilatory prosecution of the matter, all of which have consumed considerable amounts of the Court's time and impacted the judicial proceeding.

Third, the Court finds that plaintiff's failure to prosecute due to his lack of a permanent address and inability to routinely access mail delivered to his

listed address is not excusable neglect. The Fifth Circuit has held that "Rule 60(b)(1) relief will only be afforded in 'unique circumstances,'" not merely for "[g]ross carelessness, ignorance of the rules, or ignorance of the law." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). A plaintiff "has a duty of diligence to inquire about the status of [his] case," *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (per curiam) (citation and internal quotation marks omitted), including a responsibility to keep the district court apprised of his current address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (holding that a party, including a pro se litigant, "bears the burden or keeping the court apprised of any changes in his mailing address"); *see also Coleman v. Scott*, 22 F.3d 1094, 1994 WL 198946, at *1 (5th Cir. 1994) (finding no abuse of discretion in dismissal of case for failure to prosecute when pro se plaintiff failed to provide court with address at which he could be reached); *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) ("[A]ll litigants, including pro se litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary."). Here, plaintiff had multiple opportunities to apprise the Court of his difficulties in receiving mail, but he failed to do so. Plaintiff also had a duty to maintain

control of his case, and his repeated carelessness is not enough to warrant relief under Rule 60(b)(1).

In sum, the Court finds that the weight of the four *Pioneer* factors indicate that there was not excusable neglect in this case. For these reasons, and the reasons previously articulated in the Court's September 19 Order and Reasons, the Court denies plaintiff's motion under Rule 60(b)(1).

Moreover, as the Court previously explained, plaintiff cannot alternatively pursue relief under Rule 60(b)(6) because Rule 60(b)'s categories of relief are "mutually exclusive." *See Fernandez*, 797 F.3d at 319. Plaintiff argues that because his delay and failure to prosecute were due to circumstances beyond his control, Rule 60(b)(6) applies. This is the same argument underlying the relief sought under Rule 60(b)(1). Because plaintiff has not alleged a separate basis for relief under Rule 60(b)(6), the Court denies relief under this provision. Nevertheless, the Court notes that plaintiff's reasoning for his failure to prosecute does not amount to "extraordinary circumstances" warranting relief under this catch-all category. *See Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) ("A court may grant relief under 60(b)(6) only under extraordinary circumstances." (citations omitted)).

Accordingly, plaintiff's Rule 60(b) motion is denied.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion.

New Orleans, Louisiana, this __30th__ day of November, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE